UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRINETTA S. ROBERTSON, | ) | |
| | ) | |
| Plaintiff, | ) | No: 16-CV-28 |
| | ) | |
| vs. | ) | |
| | ) | JURY DEMAND |
| LYDIA HOME ASSOCIATION, | ) | |
| | ) | |
| Defendant. | ) | |

AS AND FOR A FIRST CAUSE OF ACTION
(DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT)

NATURE OF ACTION

1. This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1990 and the Illinois Human Rights Act, to correct unlawful employment practices on the basis of disability (handicap) and to make whole **TRINETTA S. ROBERTSON** ("ROBERTSON"). Defendant, **LYDIA HOME ASSOCIATION,** ("LHA") discriminated against ROBERTSON, a qualified individual with a handicap, because of her disability

JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C.A. & & 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.A. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.A. § § 2000e-5 (f)(1) and (3). The employment practices hereafter alleged to be unlawful were and are now being committed in the Northern

District of Illinois, Eastern Division.

## PARTIES

4. ROBERTSON is an adult female and a resident of the Melrose Park, Cook County, State of Illinois.

5. ROBERTSON was an employee of LHA, performing the role as a child care worker from March of 1995 until her discharge on March 12 2014.

6. At all times relevant, LHA is a not=for-profit foster and family counseling association and has continuously had and now have over five hundred (500) employees.

7. LHA is an employer as that term is defined under the American Disability Act at all times material to the allegations herein.

8. ROBERTSON has a disability (handicap) in that she suffers from a severe physical condition, in that she has a record of, or is regarded as having a physical impairment that substantially limits one or more of her major life activities but said disability is not related to hrt ability to perform the essential functions of his assigned duties with LHA.

## STATEMENT OF CLAIMS

9. Despite LHA listing itself as an equal employment company and having a policy against discrimination to the disabled, LHA intentionally discriminated against ROBERTSON by subjecting ROBERTSON to different terms and conditions of employment because of his handicap an denying her accommodations for her condition, thereafter, because of the lack of accommodations and a hostile work environment, was terminated from her employment with LHA. This discrimination, because of her handicap or disability, violates her rights under the American Disability Act.

10. LHA's acts and omissions to act violate applicable provisions of the American

Disability Act.

11. The discriminatory action of LHA as set forth above has caused ROBERTSON to be harmed in that ROBERTSON has suffered in her position, her work environment had become impaired and her work performance was impaired.

12. As a further proximate result of LHA's unlawful and intentional discriminatory actions against ROBERTSON, as alleged above, ROBERTSON has been harmed in that ROBERTSON has suffered lost income, emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress. As a result of such discrimination and consequent harm, ROBERTSON has suffered such damages in an amount according to proof.

13. ROBERTSON has no adequate remedy at law to secure relief. If this court does not enter an order for LHA to reinstate ROBERTSON and thereafter accommodate her, ROBERTSON will be irreparably injured.

14. ROBERTSON filed a discrimination charge against the Illinois Department of Human Rights and the Equal Employment Opportunity Commission (Exhibit "A") and thereafter was sent a "Right to Sue letter" which is dated October 7, 2015 (See Exhibit "B"). This charge has timely filed with the Northern District of Illinois.

### AS AND FOR A SECOND CAUSE OF ACTION
### (Title VII-RETALIATION)

15. ROBERTSON realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

16. LHA has intentionally retaliated against ROBERTSON, based upon filing Requests for accommodations, wherein, Defendant's agents created a hostile, an offensive and a retaliatory work environment in his termination, all in violation of Title

VII, of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-e <u>et seq</u>, as amended by, <u>inter alia</u> the Civil Rights Act of 1991. All in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-c et seq; as amended by <u>inter alia</u> the Civil Rights Act of 1991.

17.  By reason of the retaliation of LHA, ROBERTSON has suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all to her damage.

18.  Further, said action on the part of the LHA was done with malice and reckless disregard for ROBERTSON'S protected rights.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff prays that the court order such relief as is necessary to make the plaintiff whole, including:

   1. Reinstatement or, alternatively, front pay;

   2. Damages, including loss of pay and benefits;

   3. Statutory liquidated damages, if any, due to the defendant's willful conduct;

   4. Attorneys' fees and costs incurred in this action

   5. Such other relief as is just and equitable.

   6. The plaintiff requests a jury trial of this action.

TRINETTA S. ROBERTSON

BY:**/s/ Michael T. Smith**
Michael T. Smith
Trial Attorney

Michael T. Smith #6180407IL
440 W. Irving Park Road
Roselle, IL 60172
(847) 895-0626

4